# Joyce *v.* State.

(Division A.   Oct. 5, 1936.)

[169 So. 759.   No. 32271.]

John B. Gee, of Midnight, for appellant.

**Webb M. Mize,** Assistant Attorney-General, for the state.

**Cook, J.**, delivered the opinion of the court.

Appellant, Isabella Joyce, was indicted and tried on a charge of murder and was convicted of manslaughter, and from this conviction and the sentence imposed, this appeal was prosecuted.

Shortly before the fatal difficulty occurred, the appellant and the deceased were in adjoining rooms, from each of which a door opened onto a front porch extending entirely across the front of the two rooms. While these parties were in these separate rooms a controversy arose between them, and shortly thereafter they met on the front porch near the doors of the respective rooms of the house; a fight immediately began in which the evidence tends to show that the deceased was the aggressor. There is testimony for the state which tends to show that when the fight began the deceased was armed with a stick and the appellant with a knife; that the deceased struck the appellant two blows with the stick as they grappled with each other; that appellant cut the deceased on the arm and she dropped the stick, and that after the deceased dropped the stick the appellant backed her to the edge of the porch and there continued to strike and cut her with the knife. The deceased died shortly thereafter on the porch.

The appellant's testimony tends to show that she acted in self-defense throughout the difficulty, and on appeal she contends, first, that a peremptory instruction requested by her should have been granted; and, second, that the court erred in granting instructions authorizing the jury to convict her of murder.

Upon the state's evidence to the effect that the appellant followed the deceased after she had dropped the stick, and continued to cut her when she was wholly unarmed, we think the conviction of manslaughter was justified, and that no error was committed in refusing the peremptory instruction.

The appellant cannot complain of the giving of instructions authorizing a conviction of murder, since she was acquitted of murder and is, therefore, presumed not to have been prejudiced by such instructions. Gregory v. State, 152 Miss. 133, 118 So. 906; Carter v. State, 99 Miss. 435, 54 So. 734; McCoy v. State, 91 Miss. 257, 44 So. 814. The judgment of the court below will therefore be affirmed.

Affirmed.